IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph Edward Wojcicki, | ) | C/A No. 3:14-838-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| SCANA/SCE&G, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Joseph Edward Wojcicki ("Plaintiff"), a self-represented litigant, purports to bring this action on behalf of the United States of America pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730. (ECF No. 1.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

I.    **Factual and Procedural History**

Plaintiff alleges that the defendant's "violations arise out of false claim of South Carolina Base Load Review Act ("BLRA") as a legal ground to increase electric energy [kWh] rates to cover costs of construction two nuclear units (2 and 3) in Jenkinsville, SC instead of apply and use US Government Stimulus secured funds reserved for Nuclear Renaissance." (ECF No. 1 at 1.) Plaintiff asserts that he provided the documents required under 31 U.S.C. § 3730(b)(2) to the United States Attorney General. (Id.) However, Plaintiff indicates that he received no "confirmation of the

investigation" regarding this matter prior to filing the Complaint.[1]  (Id.)  The Complaint further indicated that Plaintiff was "searching for legal representation."  (Id. at 2.)

On April 1, 2014, the court issued an order granting Plaintiff's motion to file the case under seal.  (ECF Nos. 2, 6.)  The order further notified Plaintiff that pro se litigants may not undertake quit tam actions" under the False Claims Act," McClinton v. Waldon Univ., C/A No. 3:13-0942-MBS, 2014 WL 992780, at *10 (D.S.C. Mar. 12, 2014), and allowed him a specified time period to obtain legal representation and provide the service documents necessary to advance this case.  (ECF No. 6 at 1-2.)  Plaintiff sought an extension of time to obtain legal counsel, and the court issued an order extending Plaintiff's deadline.  (ECF No. 12.)  Plaintiff did not obtain legal representation as directed.  Instead, he has filed a motion to appoint counsel.[2]  (ECF No. 14.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint.  This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto,

---

[1] Plaintiff asserts that he provided the required notice to the United States Attorney General.  (ECF No. 1 at 1.)  More than sixty days have passed since the filing of this action and the government has not intervened.

[2] Plaintiff's motion to appoint counsel, which alleges that a conspiracy in South Carolina has prevented him from obtaining legal representation (ECF No. 14 at 2), is denied in a separately docketed order.



405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

### B.    Analysis

A "*qui tam* relator under the FCA has Article III standing" as a partial assignee of the United States to pursue a claim under that Statute.  United States ex rel. Bunk v. Gosselin World Wide

Moving, N.V., 741 F.3d 390, 402 (4th Cir. 2013) (quoting Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 778 (2000)).  However, "neither the general *pro se* grant, 28 U.S.C. § 1654 (providing that parties may pursue 'their own cases personally'), nor the FCA itself authorizes *pro se* prosecution of *qui tam* claims." Stratton v. Mecklenburg Cnty., C/A No. 3:10-147-DCN-KM, 2011 WL 4351617, at *2 (W.D.N.C. Aug. 3, 2011), aff'd by 2011 WL 4352008 (W.D.N.C. Sept. 16, 2011).  The United States Court of Appeals for the Fourth Circuit has held that a "lay person may not bring a *qui tam* action under the False Claims Act." United States ex rel. Brooks v. Lockheed Martin Corp., No. 06-1522, 2007 WL 627372, at *1 (4th Cir. Feb. 23, 2007). Other circuit courts addressing the issue have agreed.  See Stratton, 2011 WL 4321617, at *2 (collecting cases).  As case law clearly indicates that Plaintiff may not pursue this FCA action *pro se*, the instant Complaint is subject to summary dismissal.

## III.    Conclusion and Recommendation

Accordingly, the court recommends that this case be unsealed and that the Complaint be dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 18, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).