# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Joseph Edward Wojcicki,          ) | |
| ) | Civil Action No.: 3:14-cv-00838-JMC |
| Plaintiff,          ) | |
| ) | |
| v.          ) | **ORDER AND OPINION** |
| ) | |
| SCANA/SCE&G,          ) | |
| ) | |
| Defendants.          ) | |
| _____) | |

Plaintiff Joseph Edward Wojcicki ("Plaintiff") filed this *pro se* action ("Complaint") against Defendants SCANA and SCE&G (collectively known as "Defendants")[1], alleging violations of the South Carolina Base Load Review Act ("BLRA") through the raising of electric energy rates. (ECF No. 1.) Plaintiff seeks monetary damages against Defendants pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729. (*Id.*)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On June 27, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss Plaintiff's Complaint (ECF No. 1), and that the case be unsealed.[2] This review considers Plaintiff's Objections to the Report ("Objections") filed July 14, 2014.

---

[1] SCANA is an energy-based holding company headquartered in Cayce, South Carolina. South Carolina Electric & Gas ("SCE&G") is a subsidiary of SCANA. SCE&G generates and supplies energy to South Carolina businesses and residents. *About SCANA Companies*, SCANA.COM, http://www.scana.com/about (LAST VISITED Jan. 13, 2017).

[2] In a Text Order filed on July 9, 2014, Judge Childs ordered the case unsealed. (ECF No. 27.) Complaints filed under the False Claims Act "shall remain under seal for at least 60 days." 31 U.S.C. § 3730(b)(2). The case was sealed on April 1, 2014, thus the sixty day statutory time period had expired.

1

(ECF No. 29.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 25), and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff alleges that Defendants improperly used the BLRA as a justification to increase electric energy rates to cover the costs of constructing nuclear units.[3] (ECF No. 1 at 1.) Plaintiff believes Defendants should have secured federal funds instead of raising rates. (*Id*. at 2.) Plaintiff asserts he provided copies of his evidence to the Attorney General of the United States ("Attorney General"), however, Plaintiff has "not received any confirmation of the [government] investigation." (*Id*. at 1.) Plaintiff seeks the maximum award amount pursuant to § 3729. (*Id*. at 3.)

On April 1, 2014, pursuant to 31 U.S.C. § 3730(b)(2), the court issued an order granting Plaintiff's Motion to Seal. (ECF Nos. 2, 6.) The order notified Plaintiff that "*pro se* litigants may not undertake *qui tam* actions[,]" *McClinton v. Walden University*, No. 3:13-0942-MBS, 2014 WL 992780, at *10 (D.S.C. Mar. 12, 2014) (citing *United States ex rel. Brooks v. Lockheed Martin Corp*., 237 Fed. App'x 802, 803 (4th Cir. 2007)), and allowed Plaintiff twenty-one days to obtain legal representation and complete a proper summons form for the Attorney General. (ECF No. 6 at 1-2.) On April 11, 2014, Plaintiff submitted a Motion for Extension of Time (ECF No. 8), and

---

[3] Plaintiff describes the "nuclear units" in his attached memorandum as two nuclear reactors (Unit 2 and 3), located in Jenkinsville, SC. (ECF No. 1-2, at 1.) He also refers to the location as Virgil C. Summer Nuclear Station. (*Id*.)

on May 14, 2014, the court allowed Plaintiff an additional fourteen days to obtain representation and complete a proper summons. (ECF No. 12 at 1.) On May 21, 2015, Plaintiff filed a Motion to Appoint Counsel (ECF No. 14), which the court denied on June 27, 2014. (ECF No. 24.)

The Magistrate Judge's June 27, 2014 Report found that because Plaintiff remained a *pro se* litigant in a *qui tam* action, the Complaint should be summarily dismissed. (ECF No. 25 at 4.)

In response to the Magistrate Judge's Report, Plaintiff filed a timely Objection on July 14, 2014. (ECF No. 29.) In his Objections, Plaintiff argues the Complaint cannot be dismissed because the Attorney General has not consented to its dismissal, (*Id.* at 1), and takes issue with the Report's language regarding a "lay person." (*Id*. at 2-3.) Plaintiff also challenges the Report with various other arguments relating to the scope of the alleged fraud, and the necessity for the alleged victims to get justice. (*Id*. at 2-11.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

*Pro se* complaints must be held to a less stringent legal standard than those complaints or proceedings drafted by lawyers, and a *pro se* document should be liberally construed by a federal

3

court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Technical niceties" should not defeat a meritorious claim when it can be amended to achieve justice. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, while a *pro se* complaint may be entitled to "special judicial solicitude," federal courts are not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Furthermore, district courts are not required to "conjure up questions never squarely presented" to the court. *Beaudett*, 775 F.2d at 1278. A complaint will be dismissed, even under the lens of a liberal interpretation, "if it does not allege 'enough facts to state a claim to relief.'" *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

Moreover, "[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 Fed. App'x. 90, 90 (4th Cir. 2015) (citing *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989)).

### III. DISCUSSION

The Magistrate Judge correctly concluded that Plaintiff's Complaint was subject to dismissal because of Plaintiff's status as a *pro se* litigant. Plaintiff's Objections do not bring forward any new facts that change this initial conclusion. Despite two court orders informing Plaintiff that he needed to obtain legal representation to proceed with his Complaint (ECF Nos. 6, 12), Plaintiff failed to comply, and continued to proceed *pro se*. Not only are *pro se* litigants prohibited from undertaking *qui tam* actions, *see McClinton*, 2014 WL 992780, at *10, but Plaintiff's failure to adhere to the court orders allows the court to dismiss the case pursuant to Fed. R. Civ. P. 41.

Plaintiff argues in his Objections that "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." (ECF No. 29, at 1, citing 31 U.S.C. § 3730(b).) While it is true that the record does not show the Attorney General consenting to the Complaint's dismissal, the FCA requires that a copy of the Complaint, along with material evidence, be served upon the Government pursuant to Fed. R. Civ. P. 4(i). *See* § 3730(b)(2). Rule 4(i)(1) requires the delivery of the summons and complaint to the United States attorney for the district where the action is brought,[4] and the service of a copy of each (summons and complaint) by registered or certified mail to the Attorney General. There is no evidence that Plaintiff adhered to the court's Proper Form Orders (ECF Nos. 6, 12) in regard to completing a proper summons. Even if Plaintiff's self-serving statements that he provided the Attorney General with a First Report (ECF No. 1 at 1)[5] are true, Plaintiff has not provided a proper summons and complaint to the Attorney General pursuant to the Federal Rules of Civil Procedure. Because Plaintiff failed to adhere to § 3730(b)(2), and failed to comply with multiple court orders (ECF Nos. 6 and 12), the court concludes that Plaintiff's Complaint should be dismissed.[6]

---

[4] The documents could also be delivered to an assistant United States attorney or clerical employee whom the United States attorney designates (or, in lieu of delivery, sent by registered or certified mail). Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).

[5] The record does not reflect any such correspondence with the Attorney General. Plaintiff has only provided letters he received from the United States Nuclear Regulatory Commission (ECF No. 1-6 at 2-4), and the South Carolina Attorney General's Office. (ECF No. 1-7 at 9.) Plaintiff also included his own letter to SCANA in the Complaint. (ECF No. 1-6 at 6.)

[6] Because this action has failed on multiple procedural grounds, the court concludes that it is not necessary to examine Plaintiff's other objections.

5

## IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 25), and **DISMISSES** this action (ECF No. 1) without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 17, 2017
Columbia, South Carolina