# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph Edward Wojcicki, | ) | |
| | ) | Civil Action No.: 3:14-cv-00838-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| SCANA/SCE&G, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before this court upon Plaintiff's *pro se* Amended Motion for Reconsideration (ECF No. 47),[1] the court's Order (ECF No. 43), entered on January 17, 2017, dismissing Plaintiff's Complaint (ECF No. 1), without prejudice and without issuance and service of process. For the reasons discussed below, the court **DENIES** Plaintiff's Amended Motion for Reconsideration. (ECF No. 47.)

## I.  PROCEDURAL BACKGROUND

On March 11, 2014, Plaintiff filed a Complaint against Defendants. (ECF No. 1.) On June 27, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 25.) On January 19, 2016, this court denied Plaintiff's Motion for Request for Legal Assistance and for Reverse Summary Judgment. (ECF No. 36.) On January 28, 2016, Plaintiff filed a Motion for Reconsideration regarding the Order on Motion for Request for Legal Assistance and for Reverse Summary Judgment (ECF No. 38); that motion was denied

---

[1] On January 27, 2017, Plaintiff filed a Motion for Reconsideration (ECF No. 46), Plaintiff subsequently filed an Amended Motion for Reconsideration on January 30, 2017, (ECF No. 47), therefore the court denies Plaintiff's Motion for Reconsideration (ECF No. 46), as moot.

on April 4, 2016. (ECF No. 41.) On January 17, 2017, this court adopted the Magistrate Judge's Report and Recommendation (ECF No. 25), and dismissed this action without prejudice and without issuance and service of process. (ECF No. 43.) On January 30, 2017, Plaintiff filed an Amended Motion for Reconsideration (ECF No. 47), to the Order ruling on the Report and Recommendation. (ECF No. 43.)

## II. LEGAL STANDARD AND ANALYSIS

Plaintiff is a *pro se* litigant and his complaint is afforded liberal construction so as to give him an opportunity to have a claim stated where his alleged facts would merit one. *Erickson v. Pardus*, 551 U.S. 89, 94 (2014) (per curiam). A *pro se* complaint, regardless of how inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 111 (1976).

One may be relieved of a judgment or order where the court either makes a clerical error, oversight, or mistake, or where one of the following occurred in court proceedings: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60 (2016).

Here, Plaintiff states, "the Motions should be granted for three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." (ECF No. 47.) Plaintiff has not shown that there has

been an intervening change in controlling law, new evidence, a clear error of law or that he will suffer manifest injustice as a result of the court's Order. (ECF No. 36.) Plaintiff simply asserts that the United States is improperly named as a party to the case and that requiring Plaintiff to be represented by counsel is an additional requirement that results in manifest injustice to Plaintiff and future plaintiffs. (ECF No. 47.) Further, Plaintiff argues that strict timeliness requirements of the False Claimed Application of Base Load Review Act (FCA of BLRA) are technicalities and prevent justice from being afforded. (ECF No. 47.)

Plaintiff's Amended Motion for Reconsideration may also lie under Federal Rule of Civil Procedure 59(e). Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Here, Plaintiff does not demonstrate that there has been an intervening change in the controlling law, or that a clear error of law occurred, nor does he raise new evidence that was not

available at trial or that he will suffer a manifest injustice as a result of the court's Order. (ECF No. 74.) Therefore, Plaintiff's Amended Motion for Reconsideration fails under the requirements of both Rules 59(e) and 60 of the Federal Rules of Civil Procedure.

### IV. CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Plaintiff's Amended Motion for Reconsideration. (ECF No. 47.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 9, 2017
Columbia, South Carolina