# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph Edward Wojcicki, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:14-cv-00838-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| SCANA/SCE&G, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the court is Plaintiff's Amended Motion to Set Aside Judgment. (ECF No. 71.) Plaintiff moves the court for relief from the court's August 9, 2017 Order (ECF No. 51) ("August 9, 2017 Order") denying reconsideration of the court's dismissal of Plaintiff's Complaint (ECF No. 1), as well as the court's January 17, 2017 Order (ECF No. 43) ("January 17, 2017 Order") dismissing Plaintiff's Complaint. For the reasons stated below, the court **DENIES** Plaintiff's Amended Motion to Set Aside Judgment (ECF No. 71).

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

On March 11, 2014, Plaintiff filed his initial Complaint pro se (ECF No. 1) and also moved to file it under seal (ECF No. 2) as required for False Claim Act actions. *See* 31 U.S.C. § 3730(b)(2). On April 1, 2014, Magistrate Judge Paige J. Gossett filed a Proper Form Order (ECF No. 6) granting Plaintiff's Motion to Seal (ECF No. 2) and ordering Plaintiff to obtain legal counsel within twenty-one (21) days of the Order because pro se plaintiffs cannot bring *qui tam* actions under the False Claims Act, 31 U.S.C. § 3729 et seq. (ECF No. 6 at 1.) Magistrate Judge Gossett also ordered Plaintiff to complete a Summons Form for the Attorney General of the United States ("Attorney General") and a separate Summons Form for the United States Attorney for the District of South Carolina ("US Attorney") within twenty-one (21) days of the Order. (*Id.* at 2.) Lastly,

1

Magistrate Judge Gossett stated that no process would be issued until she reviewed whether Plaintiff complied with the Proper Form Order. (*Id.* at 2.) Plaintiff did not comply with the Proper Form Order (ECF No. 6), but on May 14, 2014, Magistrate Judge Gossett filed another Proper Form Order (ECF No. 12) giving Plaintiff an additional fourteen (14) days to bring his case into proper form. Magistrate Judge Gossett also warned Plaintiff that if he did not bring his case into proper form, his case may be dismissed for failure to prosecute and failure to comply with an order of the court under Fed. R. Civ. P. 41. (ECF No. 12 at 1.)

On May 21, 2014, Plaintiff filed a Motion to Appoint Counsel (ECF No. 14), and on May 27, 2014, Plaintiff filed a completed Summons for both the Attorney General and the US Attorney (ECF No. 17). On June 24, 2014, the case was reassigned from Judge Margaret Seymour to the undersigned. (ECF No. 22.) On June 27, 2014, Magistrate Judge Gossett denied Plaintiff's Motion to Appoint Counsel (ECF No. 14), and ordered the Clerk not to issue the Summons for service of process.[1] (ECF No. 24.) On the same day, Magistrate Judge Gossett filed a Report and Recommendation ("Report") recommending that the case be unsealed and that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice and without issuance and service of process. (ECF No. 25.) On July 9, 2014, the case was unsealed. (ECF No. 27.) Plaintiff timely filed an Objection to the Report (ECF No. 25). (ECF No. 29.)

On August 3, 2015, Plaintiff filed a Motion for Request for Legal Assistance and for Reverse Summary Judgment (ECF No. 33), which the court denied on January 19, 2016. (ECF No. 36). On January 28, 2016, Plaintiff filed a Motion for Reconsideration (ECF No. 38) of the

---

[1] Service upon defendants in a *qui tam* action cannot be completed until the court so orders. *See* 31 U.S.C. § 3730.

court's denial (ECF No. 36), and on April 4, 2016, the court denied Plaintiff's Motion (ECF No. 38).

On January 17, 2017, the court accepted the Magistrate Judge's Report (ECF No. 25) and dismissed without prejudice Plaintiff's Complaint, and ordered that process should not be served. (ECF No. 43.) Judgment was entered the same day (ECF No. 44), and on January 27, 2017, Plaintiff filed a Motion for Reconsideration (ECF No. 46) of the court's January 17, 2017 Order. On January 30, 2017, Plaintiff filed an Amended Motion for Reconsideration.[2] (ECF No. 47.) On August 9, 2017, the court denied as moot Plaintiff's Motion for Reconsideration (ECF No. 46) and denied Plaintiff's Amended Motion for Reconsideration (ECF No. 47).

On September 7, 2017, Plaintiff appealed the court's August 9, 2017 Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 53.) On September 25, 2017, Plaintiff filed a Motion to Reopen his case and the court granted it on January 19, 2018.[3] (ECF Nos. 62, 75.) On November 21, 2017, Plaintiff filed a Motion to Set Aside Judgment (ECF No. 68), and on December 18, 2017, filed an Amended Motion to Set Aside Judgment (ECF No. 71). Plaintiff moves the court to set aside its January 17, 2017 Order (ECF No. 43) and the court's August 9, 2017 Order (ECF No. 47).

## II.  JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction. Under section 1331, district courts have original jurisdiction of all

---

[2] Plaintiff wanted to include an exhibit that was missing from his initial Motion for Reconsideration. (ECF No. 47.) This Motion was styled as an Amended Motion for Reconsideration, but should have been styled as a supplement to Plaintiff's initial Motion.

[3] In the interim the Fourth Circuit granted Plaintiff's unopposed Motion for Limited Remand. (ECF No. 74.)

civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff brings his claim pursuant to 31 U.S.C. § 3729 et seq., thus establishing federal question jurisdiction.

### III.  LEGAL STANDARD

"[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense,[4] a lack of unfair prejudice to [any] opposing party, and exceptional circumstances.[5]  After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). "The disposition of motions under Rule 60(b) ordinarily is a matter within the discretion of the district court which will not be disturbed on appeal absent a showing of abuse of that discretion." *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984) (citing *Central Operating Co. v. Utility Workers*, 491 F.2d 245, 252 (4th Cir. 1974)).

A court may relieve a party from a final judgment under Fed. R. Civ. P. 60(b) ("Rule 60(b)") for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has

---

[4] *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("[a] meritorious defense requires a proffer of evidence which would permit a finding for the [movant] or which would establish a valid counterclaim.") (citing *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n. 8 (4th Cir. 1974)).

[5] ". . . 'exceptional circumstances,' is sometimes noted." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). Plaintiff brings his Motion under Fed. R. Civ. P. 60(b)(6), thus the court will discuss whether exceptional circumstances exist for the court to grant relief.

been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A motion under this rule must be made within a reasonable time, and relief under reasons (1), (2), and (3) is not available after one year from the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Aikens v. Ingram*, 652 F.3d 496, 510 (4th Cir. 2011) (citing *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000)). Rule 60(b)(6) provides a "grand reservoir of equitable power to do justice in a particular case." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999) (citing *Compton v. Alton S.S. Co.,* 608 F.2d 96, 106–07 (4th Cir. 1979)).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

## IV. ANALYSIS

Plaintiff's Complaint was dismissed without prejudice because he did not have an attorney, thus he did not comply with Magistrate Judge Gossett's two Proper Form Orders (ECF Nos. 6, 12) requiring that he had to obtain counsel in order to bring this *qui tam* action. (ECF No. 43 at 4.) Plaintiff did however complete the Summons for both the Attorney General and the United States Attorney in order to bring his case into proper form.[6] (*See* ECF No. 17.)

---

[6] In its January 17, 2017 Order, the court stated that "[t]here is no evidence that Plaintiff adhered to the court's Proper Form Orders in regard to completing a proper summons." (ECF No. 43 at 5.) This statement was incorrect; however, the court finds this to be a harmless error because at the time the Order was filed Plaintiff still did not have counsel, thus dismissal was proper.

Plaintiff's Amended Motion to Set Aside Judgment (ECF No. 71) is based on the fact that Plaintiff is now represented by Richard Gleissner, an attorney with the Gleissner Law Firm, L.L.C. (ECF No. 71 at 8.) Plaintiff states that "[he] has diligently sought to either retain counsel or have the court assign him counsel[, but] was only able to retain counsel on October 16, 2017. (*Id.* at 4.) Plaintiff brings his motion pursuant to Fed. R. Civ. P. 60(b); thus, as a threshold matter he must establish that (1) his motion is timely, (2) he has a meritorious defense, and (3) a lack of unfair prejudice to Defendants. *See Dowell*, 993 F.2d at 48. In addition, since Plaintiff brings his claim pursuant to Fed. R. Civ. P. 60(b)(6) he must also establish that relief should be granted because there are extraordinary circumstances. *Id.*, *see also Aikens*, 652 F.3d at 510.

Plaintiff's Motion (ECF No. 71) is timely because he made it within a reasonable time after the court's final judgment and Order (ECF Nos. 44, 51). As to Plaintiff's meritorious defense, Plaintiff alleges that "SCE&G knowingly, unlawfully and wrongfully submitted false claims, records and statements to officials of the State of South Carolina and the United States [in order to obtain Construction and Operation Licenses ("COL")]" which harmed Plaintiff. (ECF No. 71 at 5-6.) If these claims are found to be true, Plaintiff could receive a remedy. Plaintiff's Complaint was dismissed without a discussion of the merits of his claim; therefore, the court would have to consider them if it grants Plaintiff's Amended Motion to Set Aside Judgment (ECF No. 71.) Defendants and the United States were not served with process in this case, thus granting Plaintiff relief from judgment would create minimal unfair prejudice to them.[7] (*See* ECF No. 71 at 4-5.)

---

[7] *Compton*, 608 F.2d at 102 ("[ ] the court should in every case give some, though not controlling, consideration to the question whether the party in whose favor judgment has been entered will be unfairly prejudiced by the vacation of his judgment.").

As to the alleged extraordinary circumstances surrounding this case, the court finds that Plaintiff has failed to meet this burden. Plaintiff filed Motions to Appoint Counsel on two different occasions (ECF Nos. 14, 33) and each motion was denied because in the court's discretionary opinion there were not exceptional circumstances that warranted appointment of counsel.[8] (*See* ECF Nos. 24, 36.) Plaintiff asserts that ". . . his seeking counsel has been continuous", and that "[t]he circumstances surrounding the Plaintiff's need to file an action as soon as necessary,[9] his limited sophistication regarding legal proceedings, his limited skill with the English language, and his inability to find counsel until [October 16, 2017] provide the exceptional circumstances necessary in granting the requested relief." (ECF No. 71 at 5.) The court disagrees. Plaintiff's Complaint was dismissed in part because he had not obtained counsel after he was ordered to do so twice, and the court's reconsideration of its Order dismissing Plaintiff's Complaint found that Plaintiff had not met the requirements for reconsideration, among them that he did not show that he would suffer a manifest injustice from the court's Order (ECF No. 43).[10] (*See* ECF No. 51.)

Plaintiff has not provided any further evidence, beyond what the court already considered in denying his Motions to Appoint Counsel, to prove the reason he was unable to obtain a lawyer

---

[8] Plaintiff contended in his first Motion to Appoint Counsel that he was prevented in obtaining counsel due to a "SC conspiracy circle." (ECF No. 14 at 2.)

[9] The court notes that the statute of limitations for bringing this claim are "(a) six (6) years after the date on which the violation of section 3729 is committed, or (b) three (3) years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than ten (10) years after the date on which the violation is committed whichever occurs last." 31 U.S.C. § 3731(b).

[10] The court denied Plaintiff's Amended Motion for Reconsideration under both Fed. R. Civ. P. 59(e) and 60. (ECF No. 51 at 4.) The court found that Plaintiff's initial Motion for Reconsideration (ECF No. 46) was moot, but addressed the substance of this Motion, finding that Plaintiff did not demonstrate that having to be represented by counsel caused him manifest injustice as he asserted. (*See* ECF Nos. 46 at 3; 51 at 4.)

over the duration of the case which began in 2014. Therefore, the court finds that there are not extraordinary circumstances that will allow the court to grant Plaintiff relief from either the court's January 17, 2017 Order (ECF No. 43) or the court's August 9, 2017 Order (ECF No. 51).

## V. CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiff's Amended Motion to Set Aside Judgment (ECF No. 71).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 16, 2018
Columbia, South Carolina